# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| SOUND N LIGHT ANIMATRONICS CO. LTD,<br><br>        Plaintiff,<br><br>  v.<br><br>CLOUD B, INC.,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CV 16-05271 TJH (JPRx)<br><br>Order<br>and<br>Judgment<br><br>JS-6 |

    The Court has considered Plaintiff's motion for summary judgment, together with the moving papers and Defendant's failure to oppose.

    When considering a motion for summary judgment on a claim that the moving party has the burden of proof at trial, as Plaintiff has here on its claim for breach of contract, the moving party has the initial burden of establishing, with admissible evidence, a *prima facie* case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Plaintiff met its burden by establishing a *primae facie* case for its breach of contract

claim.  Next, the burden shifts to Defendant, as the non-moving party, to show the existence of a triable issue of material fact to avoid the granting of summary judgment. *See Celotex*, 477 U.S. at 323.  Because Defendant failed to file any opposition, it failed to show the existence of a triable issue of material fact.

When considering Plaintiff's motion for summary judgment as to Defendant's counterclaims, where Defendant has the burden of proof at trial on those counterclaims, summary judgment must be granted when the nonmoving party fails to produce sufficient admissible evidence to establish a *prima facie* case for each counterclaim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Plainiff, however, has the initial burden to point out that Defendant lacks evidence to establish those *prima facie* cases.  *See Williams v. Gerber Prods. Co.*, 552 F. 3d 934, 938 (9th Cir. 2008). Plaintiff met that initial burden, so the burden, now, shifts to Defendant to establish, with admissible evidence, a *prima facie* case for each affirmative defense.  *See Celotex*, 477 U.S. at 322.  Likewise, because Defendant failed to oppose this motion, it failed to establish *primae facie* cases for its affirmative defenses.

Plaintiff established that it is entitled to judgment in the principal amount of $1,788,306.81.  However, Plaintiff did not establish its entitlement to pre-judgment interest, nor did it establish the basis for the amount of pre-judgment interest that it sought.  Plaintiff may file a motion to amend the judgment if it can substantiate its request for prejudgment interest.

Further, Plaintiff sought an award of attorneys fees in its reply brief.  A party cannot seek affirmative relief in a reply brief.  If Plaintiff desires an award of attorneys fees, it must file a motion for attorneys fees.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Plaintiff's motion for summary judgment be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉.

It is further **Ordered, Adjudged and Decreed** that Judgment be, and hereby is, **Entered** in favor of Plaintiff Sound N Light Animatronics, LTD. and against Defendant Cloud B, Inc., in the principal amount of $1,788,306.81.

Date: July 30, 2019

_____
Terry J. Hatter, Jr.
Senior United States District Judge

cc: Fiscal